•JrnfiE Marshall
delivered the opinion of the Ooúrt,
It is doubtful, upon the statements of the answers-, whether there was-, at the filing of th'e bill, any debt due from- the Rail Road Company to Whitman-, which could be subjected to the complainant’s demand against Whitman. But waiving this inquiry as one to .which Eldridge-, who was not before the Court-, may havebeett a necessary party, we are of opinion thattipon the facte appearing, there is no debt due from Whitman to Jarvis, and as Eldridge was not a lieceSsary party to this branch of the case, the absolute dismissal of the bill was the proper consequence of this conclusion.
True, a judgment obtained against P. N. Jarvis-> a’s the surety of Whitman-, was satisfied by a sale of the •land of Jarvis under execution, and in this stbte of •things he obtained against Whitman, a judgment for the amount thus pa-id as his surety — which is the same judgment -set up in the bill — and on which an execu *98 tion has been returned,' “no property found.” But after the execution sale, Jarvis having the right to redeem, mortgaged the same land within the year allowed for redemption, for another debt of his own, making no reference to.the execution sale in the mortgage. And upon a bill by the mortgagee, which is also silent as to the execution sale, and to which Jarvis and the execution purchaser were made parties, but never answered, although it is suggested that the latter has some claim, and he is called on to set it up, a decree of foreclosure and sale was rendered and a sale actually made of the same land for the mortgage debt and the mortgagee became the purchaser. The execution purchaser being a party, was concluded by this decree and its af-firmance. And the effect was that he obtained nothing by his purchase, but the property of Jarvis, though first sold in payment of Whitman’s debt, was afterwards sold in payment of his own debt; and the first sale being thus virtually nullified, either the execution creditor or the execution purchaser had a clear equity to have from Whitman the amount for which the land was sold under the execution. And Whitman being thus subject in equity to his original liability, the basis of Jarvis’ judgment against him was taken away. And Whitman having satisfied the claim thus arising against him, it is he, and not Jarvis, who has paid the debt.
If the execution purchaser was in default in failing to set up his claim in the mortgage suit, Jarvis also failed to notice it in the mortgage, and in the suit for foreclosure. And the land having been sold absolutely under the mortgage, as his property and for his debt,. the failure of the execution purchaser to set up his claim, created no equity against him in favor of Jarvis, who presumably got the benefit of his default in the absolute sale of the land under the mortgage. It is true the land seems to have sold at a sacrifice under the decreet and it is said that this was caused by the claim of the execution purchaser . then asserted. But of this fact there is neither allegation nor proof. And besides, the *99 claim was concluded by the decree, and there may have been other causes why the land sold for only half of the estimated value placed upon it two years before.
Spear for plaintiff; Thruston 4' Pope for defendants.
But the real question is between Jarvis and Whitman. And it is by the default of Jarvis that the sale of his land under the execution, has turned out notin fact to have paid Whitman’s debt and relieved him from it, as it seemed in the first instance to have done. If he had stated the execution sale in the mortgage or shown it by way of answer in the mortgage suit, it wmuldhave been protected, and his demand against Whitman would have been indefeasible. By failing to do this, and by permitting the land to be sold absolutely for his own debt, and by taking the benefit of this sale he in effect withdrew his payment of Whitman’s debt, and left him free to settle it as he could with the person entitled to it. If in the event Jarvis suffered loss, it is the result of his own default, and hé, and not Whitman, must bear the consequences.
Wherefore the decree dismissing the bill is affirmed.